# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MOISES ELI MENDIOLA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 12-CV-0535-CVE-FHM |
| | ) |
| ROBERT PATTON, Director,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, Moises Eli Mendiola, a state prisoner appearing pro se. Respondent filed a response to the petition, and provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 6). Petitioner filed a reply (Dkt. # 7). For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

Petitioner was charged, by Information filed in Tulsa County District Court, Case No. CF-2009-171, with Trafficking in Illegal Drugs (Count 1), Possession of Controlled Drugs Without Tax Stamp Affixed (Count 2), and Acquiring Proceeds From Drug Activity (Count 3), all After Former Conviction of One Felony. See Dkt. # 6-6 at 3-4; Dkt. # 6-2 at 6 ¶ 12. On March 30, 2011, Petitioner pled guilty to the charges pursuant to a negotiated plea agreement with the State. See Dkt. # 6-2 at 5-11. On that date, the trial court accepted Petitioner's pleas, and sentenced him, in

---

[1] Petitioner is currently incarcerated at the Lawton Correctional Facility, a private prison located in Lawton, Oklahoma. Therefore, the proper respondent in this action is Robert Patton, Director of the Oklahoma Department of Corrections. For that reason, Robert Patton, Director, is hereby substituted as party respondent in place of Justin Jones, the previous director. The Clerk of Court shall be directed to note the substitution on the record.

accordance with the plea agreement, to fifteen (15) years imprisonment on Count 1, and five (5) years imprisonment on both Counts 2 and 3. Id. at 9. The trial judge ordered the sentences to run concurrently. Id. Attorney Mark Collier represented Petitioner during plea proceedings. Id. at 1. Petitioner did not file a motion to withdraw his pleas or perfect a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA).

On September 19, 2011, Petitioner filed a motion for judicial review with the trial court. See Dkt. # 6-6 at 30. By order filed September 30, 2011, the trial court determined Petitioner was not entitled to judicial review and denied his motion. See Dkt. # 1 at 14.

On March 2, 2012, Petitioner filed a pro se application for post-conviction relief in the state district court. (Dkt. # 6-1). Petitioner raised one (1) proposition of error:

>Proposition I: The officer of the court (attorney) – has the duty to protect the client's right(s) and interest[s] of any and all favorable merit(s)/ground(s) pertaining to client(s) plea agreement, [ ] by requesting record of hearing be transcribed, [and] by obtaining documented form(s) in direct relation to client(s) judicial review.

(Dkt. # 6-4 at 10). By Order filed April 26, 2012, the state district judge denied the requested relief. (Dkt. # 6-3). Petitioner filed a post-conviction appeal in the OCCA. (Dkt. # 6-4). In an Order, filed September 11, 2012, in Case No. PC-2012-413, the OCCA affirmed the trial court's denial of Petitioner's application for post-conviction relief. (Dkt. # 6-5).

On September 24, 2012, Petitioner commenced this federal action by filing his pro se petition for writ of habeas corpus (Dkt. # 1). Petitioner raises one (1) ground of error:

>Ground I: Ineffective Counsel – My att[orney] (Mark L. Collier) advised me I would have the prospect of a (1) year judicial review – upon my plea agreement; however – when I filed for such – [on] 09-19-11 – I was denied because it was not part of the record. Being the defendant – I wasn't aware that since – July 01, 2007 – this had to be incorporated at the time of plea.

2

Id. at 4-5. In response, Respondent argues that the OCCA's denial of Petitioner's claim was not contrary to, or an unreasonable application of, federal law as established by the Supreme Court. See Dkt. # 6.

*ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner raised Ground I to the OCCA on post-conviction appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 538 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 784; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, Petitioner presented his habeas claim to the OCCA on post-conviction appeal. Because the OCCA addressed Petitioner's claim on the merits, the Court will review the claim under the standards of § 2254(d).

**Ineffective Assistance of Counsel (Ground I)**

In his sole ground of error, Petitioner claims his attorney, Mark Collier, advised Petitioner that he "would have the prospect of a (1) year judicial review upon [Petitioner's] plea agreement." (Dkt. # 1 at 4). However, the plea agreement made no reference to a judicial review. See Dkt. # 6-2 at 5-11. Therefore, when Petitioner subsequently filed a motion for judicial review, the district court denied his request because "a judicial review/modification . . . was not a part of [the] plea agreement."[2] (Dkt. # 1 at 14). Petitioner argues that had he "known in advance [that] [he] wouldn't be eligible or have the prospect [or] hope of obtaining relief of [his] sentence [he] would not have accepted the plea." Id. at 5. Petitioner claims that he was statutorily eligible to receive judicial review of his sentence. Id. The OCCA denied Petitioner's claim, finding as follows:

> Mendiola's claim that judicial review was part of his plea agreement is unsupported by the record presented to this Court. Counsel's affidavit and the lack of any reference in the court record, docket and plea of guilty summary of facts belie Mendiola's claim that counsel was ineffective for failing to make a record of an event that did not occur. We find no merit in Mendiola's claim that he was denied effective assistance of trial counsel. The record is devoid of anything other than Mendiola's self-serving statement that his plea agreement included a recommendation for a 12 month judicial review. Claims of ineffective assistance of counsel are reviewed under the two-part test mandated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). . . . Mendiola has failed to present sufficient facts to show that [counsel's] representation at trial was deficient or that the result in his case would have been different but for trial counsel's alleged ineffective assistance.

(Dkt. # 6-5 at 3-4). Respondent argues that the OCCA's denial of Petitioner's claim was not contrary to, or an unreasonable application of, federal law as established by the Supreme Court. See Dkt. # 6 at 4-11.

---

[2] Under Oklahoma law, when a defendant receives a sentence imposed pursuant to a plea agreement, a judicial review is not available absent the consent of the State. See OKLA. STAT. tit. 22, § 982a.

5

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Richter, 562 U.S. at 104; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 689. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689; see also Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential lens" of § 2254(d)).

To satisfy the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Richter, 562 U.S. at 104. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. See Strickland, 466 U.S. at 700. Thus, it is not always necessary to

address both Strickland prongs. Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Missouri v. Frye, 132 S.Ct. 1399 (2012) (confirming the right to effective assistance of counsel applies to plea proceedings, and that such claims are governed by Strickland). In accord with Strickland, a defendant challenging the effective assistance of counsel during the guilty plea process must show counsel's performance was deficient and that such deficient performance prejudiced him. Hill, 474 U.S. at 57-58. As the Court stated in Hill,

> In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59. Furthermore, "a petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (citing United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993)). Instead, the Court "look[s] to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Id.

Petitioner argues his counsel was ineffective for failing to ensure Petitioner's request for judicial review was included in the record. However, as the OCCA noted, Petitioner offers no evidence to demonstrate that a twelve (12) month judicial review was part of his negotiated plea agreement with the State. The description of the plea agreement detailed in the "Plea of Guilty –

7

Summary of Facts" form filed in Petitioner's case did not include a judicial review. See Dkt. # 6-2 at 7 ¶ 23. Petitioner swore under oath that he had reviewed the form with his attorney, understood its contents, and that his answers were true and correct. Id. at 7-8 ¶ 32. In addition, the record before the OCCA contained an affidavit from Petitioner's attorney, Mark Collier, stating that he did not advise Petitioner that: (1) Petitioner would be eligible for a judicial review upon entering a plea of guilty, (2) as a condition of pleading guilty Petitioner would be eligible for a judicial review, or (3) the State's recommendation included a judicial review. See Dkt. # 6-2 at 12. The OCCA concluded Petitioner had "failed to present sufficient facts" to satisfy either prong of Strickland. (Dkt. # 6-5 at 3).

Petitioner has failed to show the OCCA's adjudication of his claim of ineffective assistance of counsel was contrary to, or an unreasonable application of, federal law. The record contains no evidence to support Petitioner's allegations that his attorney performed deficiently. Petitioner bears the burden of showing entitlement to habeas relief under § 2254(d), and he has failed to meet this "highly deferential standard." Cullen, 131 S.Ct. at 1398 (citing Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

Further, even assuming Petitioner's counsel performed deficiently, Petitioner has failed to show there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on proceeding to trial. See Hill, 474 U.S. at 59. First, while Petitioner states that, had he known he would not be eligible for a judicial review, he would not have accepted the plea offered by the State, see Dkt. # 1 at 5, Petitioner does not state in his petition that

8

he would have insisted on proceeding to trial.[3] Additionally, the habeas relief sought by Petitioner is "a reduction of his (15) year sentence or suspen[sion] of his sentence." See id. at 13. Petitioner does not request that he be allowed to withdraw his plea and proceed to trial. Id.

Second, the factual circumstances surrounding Petitioner's plea do not support the conclusion that there is a reasonable probability Petitioner would not have pleaded guilty and instead would have proceeded to trial. Pursuant to the plea agreement, the State struck the second page of the Information listing Petitioner's one (1) prior felony conviction. See Dkt. # 6-2 at 5 ¶ 11. If Petitioner proceeded to trial, with the second page listing his prior felony conviction reinstated, his sentencing range for Count 1 would have increased.[4] In addition, had Petitioner been convicted at the conclusion of a jury trial, the trial judge may have ordered any sentences imposed at trial to run consecutively instead of concurrently, further increasing Petitioner's potential sentence. Based on the facts surrounding Petitioner's plea, Petitioner has failed to show a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty and instead would have proceeded to trial.

Petitioner also argues that his allegations are "bald and unsupport[ed] by the record" because counsel rendered ineffective assistance of counsel by advising him to waive transcription of the plea hearing. See Dkt. # 7 at 1-2. Petitioner does not identify any information or evidence presented at his plea hearing that would, had it been transcribed, support his claim. For that reason, Petitioner has failed to show the OCCA's decision, finding that Petitioner had failed to present sufficient facts

---

[3]   On post-conviction appeal, Petitioner did assert in a "Motion to Add/Supplement Information" that had he known at the time of sentencing he would not receive a judicial review he would have moved to withdraw his plea and proceeded to trial. See Dkt. # 6-4 at 19.

[4]   See 22 OKLA. STAT. tit. 21, § 51.1.

to show that counsel's representation was deficient, was contrary to, or an unreasonable application of, federal law, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In addition, although his petition is not a model of clarity, Petitioner argues that his attorney was ineffective for misadvising him as to his eligibility to receive a judicial review after entering into a plea agreement with the State. See Dkt. # 1 at 4-5, 28-31; see also Dkt. # 7 at 1-3. Petitioner further contends that even if his counsel's statements in his affidavit are accepted as true,[5] counsel was ineffective for failing to "advise [Petitioner] or the court of the prospect of a judicial review which definitely would have led to a different outcome of plea agreement."[6] (Dkt. # 1 at 20). Petitioner explains that "[t]here can be no doubt that any defendant not being advised or made aware of such a prospect/privilege of a 1 year review at the proper time would clearly be prejudiced through denial of such prospect through no fault of his own." (Dkt. # 7 at 2).

While the OCCA did not directly address these arguments in its opinion or explain its reasoning, the OCCA's decision affirming the denial of post-conviction relief is entitled to deference under 28 U.S.C. § 2254(d). See Richter, 562 U.S. at 89. Petitioner has failed to overcome the "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Strickland, 466 U.S. at 689. Petitioner points to no evidence in the record to support

---

[5] The Court notes that, in his affidavit, counsel does not state he never discussed the possibility of judicial review with Petitioner. Instead, counsel states he never advised Petitioner that, upon entering a guilty plea in his case, he would be eligible for judicial review. See Dkt. # 6-2 at 12.

[6] Because Petitioner pled guilty pursuant to a plea agreement, a "request" by the defense for judicial review would be insufficient. See OKLA. STAT. tit. 22, § 982a. Instead, the State would be required to consent to the request for judicial review. Id.

his assertion that counsel did in fact advise him that he "would have the prospect of a (1) year judicial review upon [entering into the] plea agreement." (Dkt. # 1 at 4). Further, as part of the plea agreement, the State agreed both to strike the second page of the Information and to a sentence at the low end of the sentencing range. In light of those generous terms, Petitioner has failed to show a reasonable probability that the State would have also agreed to judicial review as an additional term of the plea agreement. Finally, as analyzed above, Petitioner has not demonstrated a reasonable probability that, absent counsel's alleged errors, he would not have pled guilty and would have insisted on proceeding to trial. Therefore, Petitioner has failed to show that the OCCA's decision was contrary to, or an unreasonable application of, federal law. The petition for habeas corpus relief shall be denied.

C.      **Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935,

938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Court Clerk shall note on the record the substitution of Robert Patton, Director, in place of Justin Jones, Director, as party respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate judgment in favor of Respondent shall be entered in this matter.

4. A certificate of appealability is **denied**.

**DATED** this 26th day of June, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE